**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4569**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MARK ANTHONY CRUDUP, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cr-00417-D-1)

Submitted: October 19, 2021            Decided: October 25, 2021

Before KING and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Elisa C. Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In April 2019, Mark Anthony Crudup, Jr., pled guilty, without the benefit of a written plea agreement, to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924; possession with intent to distribute unspecified quantities of heroin, marijuana, and fentanyl, in violation of 21 U.S.C. § 841(a)(1); and use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Crudup's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but asking us to review whether Crudup's guilty plea was knowing and voluntary and questioning the reasonableness of Crudup's aggregate 192-month sentence. Although notified of his right to do so, Crudup did not file a pro se supplemental brief. For the reasons that follow, we affirm Crudup's convictions, but vacate his sentence and remand for resentencing.

We turn first to the validity of Crudup's guilty plea. Prior to accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any applicable mandatory minimum sentence, the maximum possible penalty he faces, and the various rights he relinquishes by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2), (3); *DeFusco*, 949 F.2d at 119-20.

2

Because Crudup did not move to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error in the district court, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Under this rigorous standard, we "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating a reasonable probability that, but for the error, he would not have pled guilty. *United States v. Davila*, 569 U.S. 597, 608 (2013). Here, the record reveals that, to the extent that there were Rule 11 errors, they did not affect Crudup's substantial rights. Accordingly, we hold that Crudup's guilty plea is valid and that Crudup entered it with full knowledge of the attendant consequences.

We turn next to Crudup's sentence. As to this issue, plenary review identifies one reversible error. Specifically, when announcing the terms of supervised release during the sentencing hearing, the district court did not orally pronounce all the discretionary conditions of supervision.[1] However, in its written judgment, the court included the statutorily imposed mandatory conditions, 13 standard conditions, and 6 special conditions.

---

[1] In *United States v. Rogers*, we explained the different categories of conditions of supervised release:

[18 U.S.C. §] 3583(d) divides supervised-release conditions into two and only two categories: mandatory conditions . . . , which must be imposed in
(Continued)

3

While a district court need not orally pronounce all mandatory conditions, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *Rogers*, 961 F.3d at 296. The court "may satisfy its obligation to orally pronounce discretionary conditions through incorporation" by reference to, for example, the standard conditions recommended by the Sentencing Guidelines. *Id*. at 299. But the court in this case did not state that it was incorporating the standard conditions of supervision detailed in the Guidelines, and it included additional discretionary conditions in the written judgment that were not orally announced at sentencing. When the court fails to announce discretionary conditions of supervised release that are later included in the written judgment, the remedy is to vacate the sentence and remand for resentencing.[2] *See United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021).

---

every case; and discretionary conditions, which include everything else. . . . The Sentencing Guidelines further subcategorize discretionary conditions, listing standard conditions that are recommended for all terms of supervised release, special conditions that are recommended only in certain circumstances, and additional conditions that may be appropriate on a case-by-case basis.

961 F.3d 291, 297 (4th Cir. 2020) (citations and internal quotation marks omitted).

[2] We note that the district court did not have the benefit of our decisions in *Rogers* and *Singletary* when it sentenced Crudup.

In accordance with *Anders*, we have reviewed the record in this case and have found no other meritorious grounds for appeal.[3] We therefore affirm Crudup's convictions, vacate his sentence, and remand for resentencing.

This court requires that counsel inform Crudup, in writing, of the right to petition the Supreme Court of the United States for further review. If Crudup requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crudup. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[3] Because the sentence was not properly imposed, we do not address any other potential issues related to Crudup's sentence at this juncture. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence).